No. 642          July 16, 2025          21

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of L. T. A. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

C. M. B.,
*Appellant.*

Jackson County Circuit Court
23JU05847; A186265

Charles G. Kochlacs, Judge.

Argued and submitted May 28, 2025; on respondent's motion to dismiss filed May 23, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Stacy M. Chaffin, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Motion to dismiss denied; reversed.

**SHORR, P. J.**

Father appeals from a judgment asserting dependency jurisdiction over his child based on father's involvement in criminal activities that interfered with his ability to safely parent the child, and his lack of a custody order, which made him unable to protect his child from mother's abusive and neglectful behavior. In his second through fourth assignments of error, father argues that the evidence in the record was insufficient to prove that his child was exposed to a current, nonspeculative threat of serious loss or injury. We agree and reverse on that basis, and therefore we need not reach father's other assignments of error concerning an evidentiary ruling of the juvenile court (first assignment of error) and several of its dispositional orders directed at father (fifth through eighth assignments of error).

We begin by addressing the Oregon Department of Human Services' (ODHS) motion to dismiss father's appeal based on the juvenile court's termination of wardship over father's child, which ODHS contends renders father's appeal moot. When ODHS seeks dismissal of a parent's appeal on mootness grounds, it bears the burden of establishing that a decision in the appeal will have no practical effect on the rights of the parties. *Dept. of Human Services v. T. J. N.*, 371 Or 650, 657, 540 P3d 540 (2023). That includes establishing that any collateral consequences identified by the parent either do not exist or are legally insufficient. *Id.*

One of the factual bases underlying the jurisdictional judgment before us on appeal is father's involvement in criminal activities. In a new dependency petition that was filed after the commencement of this appeal, ODHS has alleged that father, among other things, "[i]s incarcerated and/or has a pattern of incarceration which impairs his availability to provide adequate care for the child." Given the relationship between the initial jurisdictional basis and the new allegation, and the lack of a response from ODHS arguing that that relationship is legally insufficient to render father's appeal justiciable, we conclude that ODHS has not established that the jurisdictional judgment before us on appeal will have no practical effect on father's rights. We therefore deny the motion to dismiss and turn to the merits.

In reviewing the juvenile court's assertion of jurisdiction, "[w]e view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the juvenile court's disposition and assess whether, when so viewed, the record was legally sufficient to permit the outcome." *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). Juvenile court dependency jurisdiction is authorized under ORS 419B.100(1)(c) when a child's condition or circumstances expose them to a current threat of serious loss or injury that will likely be realized. *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015).

ODHS concedes that the evidentiary record before the juvenile court in this case was insufficient to prove that father's child was exposed to a current threat of serious loss or injury. Having reviewed the record, we accept the state's concession and reverse the juvenile court's judgment asserting dependency jurisdiction over father's child.

Motion to dismiss denied; reversed.